IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No.: 7:13-CV-228-H

| | |
|---|---|
| HAROLD LONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| RMB OF NORTH CAROLINA, INC. ) | |
| and DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court upon the motion of Defendant RMB of North Carolina, Inc. ("Defendant") to compel discovery and for attorney's fees. [DE-12]. No response to the motion has been filed by the *pro se* Plaintiff Harold Loney ("Plaintiff") and the matter is ripe for decision. For the reasons set forth below, Defendant's motion is allowed in part.

**BACKGROUND**

On October 24, 2013, Defendant removed this action from Brunswick County District Court. [DE-1]. Plaintiff asserts federal claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, as well as state law claims under the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50 et seq., invasion of privacy, and defamation. Compl. [DE-1-2]. On December 12, 2013, the court entered a Scheduling Order, which provided, among other things, for discovery to be completed by May 31, 2014.[1] [DE-9]. On March 5, 2014, Defendant served Plaintiff with interrogatories and requests for production of documents. [DE-11-1]

---

[1] The court notes that the dispositive motions deadline is June 30, 2014, and no motion to continue that deadline has been filed.

at 5-20. On April 11, 2014, Defendant's counsel sent Plaintiff a letter requesting that Plaintiff provide responses to the discovery requests no later than April 25, 2014. [DE-11-1] at 22. Plaintiff did not respond to the discovery requests or to the correspondence of Defendant's counsel. [DE-11-1] at 3 ¶¶ 5-6. On May 12, 2014, Defendant filed the instant motion to compel Plaintiff to respond to Defendant's interrogatories and request for production of documents and also seeking attorney's fees associated with the filing of the motion. [DE-11] at 3.

## DISCUSSION

### A. Interrogatories and Document Requests

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery upon each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 37 allows for the filing of a motion to compel where a party fails to respond to written discovery requests. Fed. R. Civ. P. 37(a)(3)(B).

Rule 26 provides for a broad scope of discovery:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. Sept. 27, 2000). While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL

2

1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N. D. Tex. 2005)); *see also Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc., v. Sanders*, 437 U.S. 340, 351 (1978)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Plaintiff failed to respond to Defendant's discovery requests and failed to seek an extension of time within which to do so. Counsel for Defendant has filed the requisite certification pursuant to Local Civil Rule 7.1(c). [DE-11-1] at 2. Further, Plaintiff's *pro se* status does not excuse participation in discovery or compliance with the requirements of the Federal Rules.[2] *See Pledger v. UHS-Pruitt Corp.*, No. 5:12-CV-484-F, 2013 WL 5603259, at *3 (E.D.N.C. Oct. 11, 2013) (citing *Loftin v. Nationwide Mut. Ins. Co.*, No. 7:09-CV-118-F, 2010 WL 4117404, at *3 (E.D.N.C. Oct. 18, 2010)). Accordingly, the court finds that Plaintiff has failed to comply with his discovery obligations in this case. The court has reviewed Defendant's discovery requests and finds them to be within the permissible scope of discovery. Therefore, Plaintiff shall serve responses to Defendant's interrogatories and requests for production no later than **June 30, 2014**.

Because Plaintiff did not respond to Defendant's discovery requests in a timely manner, any

---

[2] Plaintiff has litigated several cases *pro se* in this court. *See Loney v. Piedmont Advantage Credit Union*, No. 7:13-CV-226-H (E.D.N.C. Oct. 23, 2013) (case removed from state court); *Loney v. DataMax Corp.*, No. 7:13-CV-227-H (E.D.N.C. Oct. 23, 2013 (case removed from state court); *Loney v. Receivable Performance Mgmt.*, No. 7:12-CV-185-H (E.D.N.C. Jan. 1, 2013) (dismissing case on stipulation of the parties); *Loney v. First Source Advantage, LLC*, No. 7:11-CV-273-H (E.D.N.C. July 13, 2012) (dismissing case on stipulation of the parties); *Loney v. Diversified Consultants Inc.*, No. 7:11-CV-272-H (E.D.N.C. Mar. 24, 2012) (dismissing case on Plaintiff's motion after parties reached a settlement).

3

objections he may have to their relevance or scope are waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Loftin*, 2010 WL 4117404, at *3; *see Bazzi v. M'Bai*, No. 5:11-CV-353-H, 2013 WL 3818144, at *3 (E.D.N.C. Jul. 22, 2013). However, the court will permit Plaintiff to assert any valid claim privilege in response to the interrogatories and document production requests. Plaintiff is cautioned that in order to validly claim a privilege, Plaintiff must expressly assert it in response to the particular discovery request involved and serve with the discovery responses a privilege log in conformity with Rule 26(b)(5)(A). Failure to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the privilege otherwise claimed.

## B. Expenses and Attorney's Fees

Rule 37(a)(5)(A) provides that, absent certain specified circumstances, the moving party be awarded expenses when a motion to compel discovery is granted. The rule states in relevant part:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). Accordingly, Defendant shall file no later than **June 23, 2014**, an affidavit setting out such fees and other expenses incurred in the filing of the instant motion to compel, and Plaintiff shall respond no later than **June 30, 2013**, and show cause why the court should not grant Defendant's request for expenses and attorney's fees. In order to avoid an award of expenses and attorney's fees, Plaintiff must show the court why his failure to respond to Defendant's discovery requests was "substantially justified" or why "other circumstances make an award of expenses unjust." *Id.*

4

## CONCLUSION

For the reasons set forth above, Defendant's motion to compel [DE-12] is ALLOWED IN PART as follows:

(1) Plaintiff shall serve responses to Defendant's interrogatories and requests for production of documents no later than **June 30, 2014**;

(2) Defendant shall file an affidavit setting out the fees and other expenses associated with the filing of the motion to compel no later than **June 23, 2014**; and

(3) Plaintiff shall respond to Defendant's request for fees and expenses no later than **June 30, 2014**, and show cause why the court should not grant Defendant's request.

**Plaintiff is cautioned that a failure to comply with this order may result in sanctions, including dismissal of this action, pursuant to Rule 37.**

SO ORDERED, this the 16th day of June 2014.

Robert B. Jones, Jr.
United States Magistrate Judge